Good morning. May it please the Court, Tom Dupree on behalf of the United States. I'd like to reserve two minutes of my time for rebuttal. The District Court sua sponte imposed a $1,000 sanction because the government filed a 15-page response brief that was three pages over the page limit. We believe that the judgment below sanctioning the government should be reversed for two main reasons. First, the District Court did not make any finding of bad faith, and indeed the record is crystal clear that the government's error was an inadvertent oversight that it sought to correct the instant it became aware of the problem. Second, the District Court sanctioned the government without affording the government notice and an opportunity to respond in clear violation of Ninth Circuit precedent. Let me ask you a question with respect to sort of the second one first. Why wouldn't we, instead of reversing outright, simply reverse and give the notice that's now obviously given an opportunity to be heard and then allow the District Court to make findings? And the reason I say that is this was a very lengthy procedural case. It went on for a while, and this is an experienced District Court judge. And maybe there were reasons why the judge might not believe that it was inadvertent, might believe that this was not the first time, and so on and so forth. So why wouldn't we just reverse and remand for a hearing and findings, and then either then we'd have something to review? I mean, why would we in the first instance decide, gosh, it has to be inadvertent? Well, two points, Judge Graber. The first is that if there's no evidence of bad faith, and we submit that this record is crystal clear as to exactly what happened, it was an inadvertent error. In that case, the proper course is simply to say that there's no warrant for the District Court sanction. I understand that's your primary position, but the government is obliged, as all lawyers are obliged, to read and follow the local rules. And so if there's a pattern of not doing that, the judge would be within her rights to determine that it was not inadvertent. So why wouldn't we reverse for – you know, there's been no hearing, so why – you know, you're saying, but our best facts are here, but we don't have a real record. Well, I think the other reason why a remand would be inappropriate in this context, Your Honor, is this is precisely the situation that the Court faced in Zambrano, in which it said the sanction imposed in this case was imposed at the end of a long-running litigation, and that additional litigation over a relatively minor violation of a local rule in a case that has already consumed massive amounts of the party's resources wouldn't further the interest of justice. And so in that context, the Court simply declined to remand and simply entered judgment and brought the litigation to a close. That's exactly what this Court did in Zambrano. How long a hearing do you think this would be? Probably shorter than this argument right here. Well, but even if it was a short hearing, Your Honor, I think that any time you're in a proceeding to determine whether sanctions would be imposed, obviously it's something that we take extremely seriously, the attorneys involved. Why do you fight so hard against having a hearing, though, if you're convinced of your correctness? Well, simply because we think that in this context there's no evidence of bad faith, and it's clear what happened. The judge gave the district court gave its reasons for imposing the sanction. And our position is that those reasons are insufficient as a matter of law. And in that context the reason was that you didn't follow the local rule. Is that insufficient? I mean, is that there is case law that says that is a permissible ground upon which to impose sanctions, the failure to follow a local rule, correct? Well, it is a basis to impose a sanction. I believe that there needs to be a predicate finding of bad faith. Answer the question. Bad faith, okay, but bad faith doing what? If there's a failure to follow a local rule, that can be a basis for a sanction, correct? Yes, again, but I don't want to lose the critical point. I understand you're not giving up that argument. And so if this had been done correctly from the get-go, you would have had a hearing of some sort or an opportunity to argue or say your piece before the judge, right? If it had been done correctly, the judge would have said, I'm thinking about imposing a sanction for your failure because it's not the first time, and I really believe in these local rules, and so I'm going to do this, so let's have a hearing. That's what should have happened, right? Well, that's certainly not our position as to what should have happened. I'm asking, isn't that what should have happened if the district court was inclined to impose sanctions? Yes, if the district court were inclined to impose sanctions. Okay, so why wouldn't we put you back to the status quo ante, where you would have been with a district judge who was inclined to impose sanctions and give you that opportunity to be heard before that judge? Because that is precisely the situation that occurred in Zambrano, where the court made the judgment that in light of the length of the litigation, the fact that the parties had already devoted massive amounts of resources, and the record was clear as to what happened. As I think, generally speaking, it is in this case. This was an inadvertent violation of the rules. The court properly declined to say to the parties in the court, we're not going to send this back for additional hearings, additional briefs, when everything we need to render a judgment is on the record. Well, I don't think it's clear that it was an inadvertent violation. I think the district court may have had a different view, and that's what disturbs me a little about reversing the district court, is I'm not sure that the district court shared that characterization as inadvertent. Well, I'm not sure what that view would be based on, Judge Rawlinson. I think the district court's order, the face of the order, there's absolutely nothing that indicates. Does it say inadvertent? Does the district court's order say it was inadvertent? It does not use the word inadvertent, but certainly it does not say I find that this was in bad faith or that this was in any sort done for an improper purpose. And, in fact, I would note that even the petitioners in this case didn't ask that sanctions be imposed on the government. The petitioners simply said, we request that the court strike the excess pages, which is the remedy that almost always is imposed if someone files a brief in excess of the page limits. That's what the petitioners asked for in this case. And in this case, the court did read the excess pages. Absolutely, Judge Alicorn. The court did read the excess pages, which I think does raise the question of whether or not there was a violation if, in essence, it was forgiven and the court accepted the plea. It can still be a violation. The court wants to be fully informed before making a ruling. That doesn't negate the fact that there's been a violation of the local rules. We read excess pages of briefs that are filed before us that are a violation of the rules. That doesn't mean that no violation occurred. It just means that the court wanted to be fully informed before making a ruling. The court did want to be fully informed. I think, however, in this case where you have the petitioners who are not advocating for a sanction and, again, striking. . . That doesn't remove the court's inherent authority to impose a sanction, does it? The court has inherent authority to impose a sanction if it's predicated on a finding of bad faith. Right. So the fact that the other party didn't ask for it doesn't answer the question for us, correct? Well, it doesn't answer the question for this court, but I think it's certainly strong evidence that goes to Judge Rawlinson's question about whether there was some sort of bad faith lurking here in that even the petitioners, again, against whom we litigated for five years, didn't suggest that there was any sort of bad faith or impropriety here because all they suggested was that the court simply strike the excess pages, which, again, is the remedy that's commonly imposed. So I think that goes to your question, Judge Rawlinson, about whether there was something going on here. I think the fact that the petitioners did not assert bad faith I think is pretty powerful evidence that this was an honest, good faith, inadvertent mistake that didn't warrant this type of sanction. Well, there can be various reasons why no sanction is sought by the other party. There are various reasons why that might be true. I grant that point, Judge Rawlinson. I think that getting to the question of bad faith, I think that this Court made crystal clear in Zambrano that sanctions cannot be imposed for a mere negligent violation of the local rules. That's what this Court said in Zambrano. And given that the district court did not state that there was a finding of bad faith, did not identify any evidence that could... But you're using the district court's own error to buttress your argument. I mean, your first comment was, this is deficient on the district court's part because there are no findings. And so now you're saying, Aha, there are no findings, and therefore we win. It just seems very odd to me to say that the fact that the district court failed to make findings automatically means that the district court now isn't allowed to, which is really what you're arguing for when you say, no, it shouldn't be remanded to allow the district court now to think about these things. Well, I think if the district court certainly had the opportunity to say, this is why I'm posing sanctions, this is the evidence that I have that indicates bad faith, and the district court did not say any of that... Maybe it's inadvertent, just like the government said it, inadvertently failed to follow the local rules. Maybe the district court inadvertently failed to articulate its reasoning. But I think, again, if there's simply no suggestion in the record of bad faith, the petitioners haven't alleged that the district court didn't identify any evidence, again, I think the problem... As I understand the record, there are other occasions in this same litigation in which the government failed to follow the local rules. If that's a correct understanding, wouldn't that be a permissible predicate for the court to find not credible the claim that, oops, we just messed up again? Well, I think that... At a minimum, it's sufficiently disrespectful to the court to allow the sanction. Well, I think the petitioners overstate the record in that respect. There certainly was no instance of the government being sanctioned. They identify what they claim are two instances where the government disregarded local rules. The first instance, the district court made no finding that we had violated the local rules. The district court simply said, under the briefing structure that the government is proposing in this situation, that, if accepted, would run afoul of the local rules. But certainly the district court didn't say in that instance the government had violated the local rules, let alone sanctioned us for violating the local rules. The other point I want to emphasize is that these other instances where we allegedly violated the local rule occurred four years before this pleading was filed. This was litigation that began back in the early 2000s. It was actively litigated in the district court for a year, a little more than a year. After the district court rendered judgment, this issue, in another case, went up to the United States Supreme Court, where the government prevailed, and that caused this court then to remand the instant lawsuit back to the district court, at which point the EJIA briefing occurred. That's the briefing where we violated the page limit. But the timing on this is critical because the first order that the petitioner says we violated occurred four years before the order in this case. So this was not a circumstance in which the government violated one local rule and then a month later violated another. There was almost a four-year gap between these pleadings. So I think the suggestion that the district court was animated by a sense that the government had been continually violating local rules is simply not borne out. This case was on hiatus. It was animated by something. We don't know what that something was. That's the problem. Well, that may be, but I think, again, if there's simply no evidence remotely suggesting or hinting at bad faith in this record, that the proper course is simply to say the district court's reasons were insufficient and, just as we did in Zambrano, will bring the litigation to a close. That's also, I might add, the exact same remedy that this court opposed in the Tom Groney case, which is cited in our briefs, which was a case in which this court found that the sanctioned party had not been afforded adequate notice and simply entered judgment rather than remand. So, again, I think that that remedy is precisely the one that this court has followed on previous occasions and is particularly appropriate in this case, where there's not the slightest hint of bad faith on the government's part. This was an inadvertent error. They filed a 15-page brief. After five years of litigation, the final pleading in the case, there's simply no warrant for a bad faith sanction in this case. And I don't think it's appropriate under these circumstances to remand the parties back to the district court for more litigation, more cost, more time from the judges for the parties for a three-page violation of the page limit. Unless there are further questions, I'll reserve the remainder of my time for rebuttal. Thank you. Certainly, you may do that. We'll hear from Mr. Geller. Good morning. May it please the Court. Nicholas Geller. I think it's important, first of all, to emphasize that this court hasn't held that sanctions are only awardable for bad faith conduct. In the Zombrano case, it made clear that for a district court to impose sanctions under its inherent authority without citation to local rule, there had to be a finding of bad faith. But then it went on in Zombrano to say that a violation of rules, local rules, especially when it's, quote, repeated although unintentional flouting of court rules, end quote, sanctions can be awardable. So counsel's emphasis that there's not evidence in this record that the government acted in bad faith is irrelevant here. We, you know, we did not ask for sanctions. And I'm not here today saying that the government acted in bad faith. But I do believe the record here supports the district court's entry of sanctions because there had been repeated disregard of the local rules. The first instance, granted it was a long time ago, there is a dispute as to whether in fact the government violated the local rules. But it was clear that the court was very unhappy with the government's attorney's and made very clear in her order that she was not going to stand by and allow the local rules to be disregarded. And within a matter of weeks thereafter, on a motion to reconsider that very order where she cautioned counsel to abide by her local rules, the government violated the local rules. And they only corrected it when we pointed out that their brief in that instance violated the page length. And they moved to correct it. The court allowed them to correct it. The court didn't sanction them. Did the district court rely on those prior acts in imposing the sanction here? I guess I agree with everything that's been said in the sense that it's not clear. I do believe that I agree with Judge Rawlinson's comment that something animated the court. This isn't an instance where a single violation had occurred in this case. Whatever it is that animated the court wasn't in the record of the proceeding where it imposed sanctions. It's in the record of the proceedings. It's in the district court record that these prior violations happened. But there's not a clear reference by the district court that she was relying on those prior instances in issuing sanctions. Well, what is the unclear reference in the court statement? Well, I'm just making clear that these instances of prior violations are in the court record. These aren't things that happen outside in a discovery, in a deposition that's not in the court record. The violations of the rules occurred in pleadings filed with the court that the court was aware of. Now, you know, and, you know, granted the case lasted for a long time, but to suggest that the court didn't recall that she had cautioned counsel and that is awesome. How do we know? We don't know. We don't know. I've had a few cases last month that I don't recall all the facts of. Right. I did want to point out, in preparing for argument today, I noticed that this court has sanctioned counsel for violating its local rules on, in the Adriana case at 913 F. 2nd, 1406. This court sanctioned counsel for filing a brief that didn't have the proper spacing between lines. And I think there's additional unpublished decisions of this court also. Sanctioned counsel for a single violation of this court's local rules under its authority under FRAP 32A. So clearly courts believe they have. Were those cases also without a hearing or notice? I believe that's correct. There's no evidence in the decision that this court provided counsel an opportunity, a show cause hearing in those instances. Do you disagree with the assertion that the district court should have provided some notice and an opportunity to argue? I don't disagree with that. Though I do believe counsel was provided notice, though not in the show cause and, you know, concept that this court has talked about. But counsel was, as I said, cautioned at the beginning. The local rules clearly put all counsel on notice that violations of the local rules can be sanctionable. And counsel did provide, or was given an opportunity or availed itself of an opportunity to be heard. It quickly, in its motion allowing for over-length brief, laid out for the court what had happened, that it, you know, its position that it was inadvertent, its apology to the court, just like it had done the previous time when it violated the local rules and we pointed it out. Well, that explains its thinking about this violation. But it doesn't explain its thinking about why they shouldn't, why the violation either alone or in combination with previous ones should support sanctions. But they haven't offered anything that they could say. You mentioned earlier that if you were to remand this, the hearing would be very short. Part of the reason that the hearing would be very short is there's nothing more that they can say that they haven't already told the district court. Are you arguing against a remand also? No, I'm not. I would think that if this court believes that the record isn't sufficient for it to uphold Judge Peckman's ruling and issuance of sanctions, that the appropriate remedy would be for a remand. So you don't want us to follow that part of Zambrano? Correct. And I think it's important. So this court said that it should not go back. Well, I think it's important to distinguish what happened in Zambrano. In Zambrano, the court, this court found there was no evidence of bad faith or willful misconduct. And that's why counsel, I think, is focusing on, and I agree, I don't think there's evidence of bad faith or willful misconduct. But I do believe this record supports a repeated disregard for the court rules after the court had specifically cautioned counsel that it wouldn't countenance counsel not paying attention to its local rules. So in that regard, I don't think this case completely mirrors Zambrano, and that this court, if this court is troubled that the record isn't sufficient for it to allow them to be heard and for the district court to decide whether entry of sanctions was appropriate. Thank you very much. Thank you. And I believe you have some rebuttal time remaining. Thank you. Just a couple of quick points. First, I think my colleague said something significant. He said that he agrees that there's no evidence of bad faith or willful misconduct in this case. And I think that in a circumstance where all the parties are in agreement that there's no bad faith, no evidence of bad faith, no evidence of willful misconduct, that consigning the parties to additional litigation that at this point would be concerned only with the sanctions provision brings this case squarely within the realm of Zambrano in which situation a reamend is inappropriate. Counsel doesn't agree with that part of your argument, though. He says this case differs from Zambrano because Zambrano countenances sanctions premised on violations of the local rules without any evidence of bad faith. Zambrano says in dictum that in situations where you have repeated violations that that could potentially support a sanction. But this court has recently held in a case called Quantz, Q-U-A-N-T-Z. It's unpublished. I can provide the citation. But it's not precedential. You can cite it. That's why I acknowledge its unpublished status. But it did suggest that this local rule in Washington does require a bad faith finding. And so if this court were to follow an admittedly unpublished decision, nonetheless, there would be absolutely no basis. I beg your pardon? Don't count on it. Well, let me make my second point, which gets to Judge Graber's question at the outset, which is why would reamend be inappropriate in a situation where the party was not provided adequate notice? This court squarely confronted that question in a published decision, Lazar v. Ford Motor, which is cited in our brief, in which case there were a number of sanctions imposed on the attorney, one of which was the revocation of his pro hoc viche and a bar on him ever practicing in the jurisdiction. Let me interrupt by asking you, since you have run out of time, are you familiar with Miranda v. Southern Pacific Transportation Company? Yes. Okay. Well, in that case, after holding that the district court could not impose a monetary sanction for violation of a local rule without affording procedural due process, the case was remanded to the district court to give the attorneys an opportunity to request a hearing and show cause why the sanction should not be imposed. That's the most, it seems to me, procedurally directly applicable case to this one. Why shouldn't we follow Miranda? Well, I think Miranda differed factually. Miranda was a situation in which the parties had violated the local rule by filing a pretrial memorandum that didn't comport with the local rules. And the judge called both parties either into the courtroom or the chambers and read them the riot act and said, if you do this again, I'm going to sanction both of you, and directed them specifically to comply with these rules in the context of their next filing. Sounds a lot like what happened here only a few years earlier. But procedurally, without getting, I mean, the local rule is different that's involved, but it seems to me that the procedural posture is the same. A sanction was imposed without affording the procedural due process that you mentioned. And if that is the case, why wouldn't we do exactly what was done here to have the hearing that wasn't held? Because there's no dispute that there's no evidence of bad faith or willful misconduct. And Miranda doesn't require that either. Well, Miranda, number one, was under a different local rule. Number two, I think in that case, there arguably was evidence of bad faith, given that the judge said, when you file these next pleadings, I want you to comply with these rules. And a week or two or very shortly thereafter, the parties filed it in blatant violation of what the judge had just told them. In this case, at worst, there were violations, which, again, we don't concede there were violations, but assuming argue under they were, they were four years apart. And so I think that Miranda is very factually different from this case. And the case I was analogizing to, the Lazar case, was one in which the district court didn't provide notice of the sanction, namely a permanent ban on practice. This court held that the court had not afforded adequate notice, due process was a chance to explain why he should be permanently barred. That's pretty different than a small monetary sanction. But I think the principle is the same. Due process governs regardless if it's a $1,000 sanction or a permanent bar on practice. I understand your position, and you're well over your time. Thank you. Thank you very much. We appreciate the arguments of both counsel. The case just argued is submitted. And we'll take about a five-minute recess and come back, last but not least, for the Yeager case. This court stands in recess. I can grab her stuff. I'll grab her stuff. Are you sure? Okay. Oops. There it is, laying on the floor. I'll go with that. Thank you. I'll go with that. Okay. I'll go with that.  Thank you. Thank you. You got it. Okay. No, I'm sorry. Thank you. All right. Crazy, huh? Yeah. Yeah. Yeah. Well, you know, well, thankfully, Judge Greer was like, I would have had 10 minutes past. But, you know, I mean, I just expected you to show up. Right. I mean, if it was somebody who, you know, doesn't come here all the time. I see him all the time. Yeah. But let's face it, he's panicked. He will be able to argue just fine. But let's face it, he's pregnant. He'll brush it up. You guys have an hour. You know? What about that? That's right. Yeah. Yeah. Yeah. Well, I guess so. Right. Well, I mean, well, yeah, exactly. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. I believe so. Yes. Okay. Okay. Okay. If I have to, I can grab a popcorn and set it up. Okay. Okay. Well, I'm calling in from myself. I'm just trying to figure out. Are you in the room? Oh, wait. Okay. Yeah. No, I don't see that. I'll look. Okay. Thanks. Yeah. Clear. Yeah, did you? It was all three. Oh, no, no. Let me check for you. Okay. Yeah. Okay. Okay, that's loose. Okay. Uh, no, I was just flipping the call. Yeah, that was it. That's it. It's ringing. Federal Defenders of Montana. This is Dennis with the Ninth Circuit Court of Appeals. Okay. We're ready to hook up now. Okay, let me get Mr. Ness.         Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Mr. Ness. This is Dennis Talon with the Ninth Circuit Court of Appeals. Hello, Dennis. We are connecting up for your case. You are live in the courtroom. You will hear the sound of the gavel when the clerk calls them to order. Okay. Okay, you can tell when we're ready. It's ready. You did tell. Yeah, I said another minute. So if you say if it's ready, we're all set. Okay. All set. Thank you.
judges: Alarcon, Graber, Rawlinson